IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE ROE,<br><br>                Plaintiff,<br><br>        vs.<br><br>ANGELA FOLTS-OBERLE, in her official capacity; and SCOTT FRAKES, in his official capacity;<br><br>                Defendants. | **4:21CV3073**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff's motion to proceed pseudonymously, Filing No. 4; plaintiff's motion for attorney fees, Filing No. 14; plaintiff's unopposed motion to extend time, Filing No. 18; and plaintiff's notice of dismissal, Filing No. 16. This case involves a request by an inmate in the custody of the Nebraska Department of Correctional Services (NDCS) to obtain an abortion. Beginning in March 2021, plaintiff filed grievances to seek access to abortion care, indicating she would pay for all the associated costs for the procedure and the costs of transportation. She filed grievances on March 26, 30, April 1, and April 2. Her first response came April 8, 2021. The warden initially denied her request, contending it was elective and not covered until after a 21 day wait (as it cost over $500). The warden stated: "Th[e] steps cannot be accomplished within the necessary timeframe to complete the medical procedure. For the reasons noted above, your request is denied." Filing No. 19, Ex. 3, Folts-Oberle Response. In addition, the medical director claimed to not have sufficient information to make the decision. The American Civil Liberties Union (ACLU) began representation of the plaintiff. A plan was

then created for the abortion and a temporary restraining order was signed by this Court. Thereafter, the case was dismissed.

*Motion to proceed pseudonymously, Filing No. 4*

The parties have now dismissed this case.   Accordingly, the Court will grant this request to the extent that it further protects the identity of the plaintiff.

*Defendants' unopposed motion to extend time, Filing No. 18*

Defendants moved to extend time to file a reply brief as to the request for attorney fees.  The defendants have now done so, Filing No. 19, so the Court finds this motion is granted.

*Plaintiff's notice of dismissal, Filing No. 16*

In accordance with the parties' stipulation, Filing No. 12, and as set forth in Filing No. 16, the Court dismisses this case.  For purposes of this record, the Court hereby includes the terms of the stipulation, Filing No. 12, into this Memorandum and Order, and likewise incorporates the Court's temporary restraining order, Filing No. 13, into this Memorandum and Order.

*Attorney fees, Filing No. 14*

*A.  Prevailing party*

Under 42 U.S.C. §1988(b), this Court has discretion to award the prevailing party in an action to enforce a provision of 42 U.S.C. §1983 reasonable attorneys' fees as part of its costs.  *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Lowery ex rel v. Watson Chapel School Dist.*, 540 F.3d 752 (8th Cir. 2008); *see Farrar*, 506 U.S. at 111-12 ("[To] qualify as a prevailing party, a civil rights plaintiff must obtain at least some relief of the merits of his claim. . . . In short, a plaintiff

"prevails" when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff.")

Because the plaintiff is a prisoner, her civil rights suit is also subject to the Prison Litigation Reform Act of 1996 ("PLRA"), which imposes special limitations on fee awards. 42 U.S.C. § 1997e(d)(1). To recover fees, the prisoner must be a prevailing party under 42 U.S.C. § 1988 and the fees must be directly and reasonably incurred in proving an actual violation of the prisoner's rights, must be proportionately related to the court ordered relief for the violation, or directly and reasonably incurred in enforcing the relief ordered for the violation and the hourly rate of the fee recovery must be no more than 150% of the Criminal Justice Act rates for court appointed counsel. *See* 42 U.S.C. § 1997e(d)(1)(A) & (B).

Plaintiff moves for attorney fees pursuant to Fed. R. Civ. P. 54(d). Plaintiff requests fees in the amount of $11,636.63 and expenses in the amount of $402.00. Plaintiff argues that she successfully challenged the defendants' refusal to allow her access to care, and this Court entered an order requiring defendants to transport her to her appointments as she requested in her 42 U.S.C. § 1983 complaint. She argues that the stipulated temporary restraining order, signed and filed by the Court, provides a change in the legal status of the parties. Thus, she contends attorney fees are appropriate.

Plaintiff also asserts that her fee request is reasonable under the PLRA. Counsel for plaintiff outlines their work from April 7 through April 13 as going to see plaintiff, drafting a demand letter, conferring with the ACLU national colleagues, drafting complaints, briefs and a motion for a temporary restraining order, all under extreme time pressure.

Defendants contend that the claim for fees is barred under the PLRA, as the Court did not find an "actual violation" of Roe's rights. 42 U.S.C. § 1997e(d).

The PLRA states:

(1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that—

(A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

(B) (i) the amount of the fee is proportionately related to the court ordered relief for the violation; or

(ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

Id.

Defendants argue that the parties voluntarily agreed that the NDCS would take her to the procedure but that the costs for transportation and the procedure would not be borne by NDCS. Further, contend defendants, they were in the process of approving the request in any event. Defendants argue that they only had one day to review the request following the demand letter by the ACLU. And finally, defendants argue that once the case is dismissed, as herein, the Court cannot rule on the "actual violation of rights" language, relying on Siripongs v. Davis, 282 F.3d 755 (9th Cir. 2002) (Court granted a TRO in prisoner due process case, and then case was dismissed; but Ninth Circuit found that "because the district court below issued only a TRO and never finally adjudicated the question of whether [the inmate's] rights were violated, he cannot be said to have incurred his fees in 'proving an actual violation of [his] rights,' as required by the PLRA." Id. at 758 (quoting 42 U.S.C. § 1997e(d)(1)) (emphasis in original). "The plain meaning of an 'actual

violation' of plaintiff's rights," the court explained, "excludes a violation that has not been proven in fact, but merely has been asserted." *Id.* Finally, defendants contend that Roe is not a prevailing party for attorney fees under 42 U.S.C. § 1988 or costs under Fed. R. Civ. P. 54(d)(1). To be a prevailing party, argues defendants, one must receive a "judgment" to receive a fee award. *Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 683 F.3d 903, 910 (8th Cir. 2012)) (relying on *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001)). There is nothing resembling a judgment or final order here, contends defendants, arguing that the temporary restraining order was not on the merits.

In reply, plaintiff argues that the defendants have misinterpreted the "proving an actual violation" language found in the PLRA. *Weaver v. Clarke*, 933 F.Supp. 831, 836 (D.Neb. 1996), aff'd, 120 F.3d 852 (8th Cir. 1997) (finding fees in "proving an actual violation" recoverable where the plaintiff obtained a finding of likelihood of success on the merits but no actual preliminary injunction, and defendants then ended the challenged practice); *see also*, *Laube v. Allen*, 506 F. Supp. 2d 969, 980 (M.D. Ala. 2007) ("when a court approves a consent decree and finds that it meets the 'need-narrowness-intrusiveness' test, it can also award attorney's fees without in any way undermining the PLRA's requirement that such fees be incurred in proving an actual violation of the plaintiff's rights.")

B.   *Analysis*

The Court finds that plaintiff is a prevailing party and that the plaintiff has not just asserted but has proven an actual violation and is entitled to attorney fees. The Eighth Circuit has stated that "[u]nder the PLRA, attorneys' fees can be awarded in a prisoner

civil rights case only if the prisoner 'prov[es] an actual violation of . . . rights.'" *Cody v. Hillard*, 304 F.3d 767, 776 (8th Cir. 2002). The Eighth Circuit has likewise stated that ("[e]ven preliminary or temporary relief granted by the district court may be sufficient to make a plaintiff a "prevailing party" under section 1988." *Bishop v. Comm. on Pro. Ethics & Conduct of Iowa State Bar Ass'n*, 686 F.2d 1278, 1290 (8th Cir. 1982). The Court further stated that "[w]e have recognized that a preliminary injunction can in some instances carry the judicial imprimatur required by *Buckhannon* to convey prevailing party status." *Advantage Media, L.L.C. v. City of Hopkins, Minn.*, 511 F.3d 833, 837 (8th Cir. 2008); *Northern Cheyenne Tribe v. Jackson*, 433 F.3d 1083, 1086 (8th Cir. 2006) ("Most of our sister circuits have concluded that some preliminary injunctions are sufficiently akin to final relief on the merits to confer prevailing party status. We are inclined to agree."). A "preliminary injunction [that] functions much like the grant of an irreversible partial summary judgment on the merits" confers prevailing party status. *Id.* "Some preliminary injunctions are sufficiently akin to final relief on the merits to confer prevailing party status." *Id.* For example, "[t]he grant of a preliminary injunction should confer prevailing party status if it alters the course of a pending administrative proceeding and the party's claim for permanent injunction is rendered moot by the impact of the preliminary injunction." *Id.*

The Supreme Court has stated that "enforceable judgments on the merits and court-ordered consent decrees create the material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001). The Court has stated that, "[a]lthough a consent decree does not always include an admission of liability

by the defendant, it nonetheless is a court-ordered change [in] the legal relationship between [the plaintiff] and the defendant" and a Senate Report explained that "parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." *Id.* at 604, 607. "Although a consent decree does not always include an admission of liability by the defendant, it nonetheless is a court-ordered change [in] the legal relationship between [the plaintiff] and the defendant", and a Senate Report explained that "parties may be considered to have prevailed when they vindicate rights through a consent judgment or without formally obtaining relief." *Id.*

The Court also finds that the *Siripongs* case, relied upon by the defendants, is distinguishable from the case before the Court. In that case, the plaintiff prisoners received temporary relief from the court, but they were thereafter unable to make a successful challenge for additional relief. Consequently, they were unable to show any real relief. *See also Sole v. Wyner*, 551 U.S. 74, 83 (2007) ("[p]revailing party status . . . does not attend achievement of a preliminary injunction that is reversed, dissolved, or otherwise undone by the final decision in the same case."). Plaintiff argues that her case is very different, as she received victory via a stipulated temporary restraining order and ultimately the relief requested. As such, she contends she is clearly the prevailing party.

The Court finds that defendants denied plaintiff time-sensitive care for weeks. The warden's April 8 response indicated that the steps could not happen in the requested timeframe. The entry of the ACLU, the filing of the lawsuit, the entry of the TRO, all contributed to the relief requested and granted to the plaintiff leaving little if any margin for further delay. Plaintiff received everything she asked for and clearly was the prevailing party. The legal relationship changed as a result of her representation and lawsuit and

clearly altered the administrative proceedings.  *See* Filing No. 13, Temporary Restraining Order.  The Court finds plaintiff is entitled to a fee in this case.

C.  Amount of the Fee

The defendants contend that the request for fees is excessive and not fully documented.  They also argue that plaintiff was guilty of block billing, as they grouped specific tasks together.  Defendants ask the Court to deduct 10% for the block billing, or $1,163.66.

The Court has carefully reviewed the fee request provided by the plaintiff as well as the objections stated by the defendants.  Filing No. 15 with attachments 1-6; Filing No. 17, with attachments 1 and 2.  The Court will award a reasonable fee pursuant to 42 U.S.C. § 1988.  Plaintiff requests a basic "lodestar" amount, which is simply arrived at by the multiplying hours reasonably expended by the attorney's rate.  *City of Burlington v. Dague*, 505 U.S. 557 (1992); *Blum v. Stenson*, 465 U.S. 886 (1984).  The Court reviewed each and every entry on the time sheets.  Filing No. 15, attachments 4, 5, and 6.  The Court finds that the hourly rates are reasonable (CJA-approved hourly rate requested for all three counsel) and that the entries are reasonable.  The Court sees no duplication of efforts and no unreasonable billing.  Accordingly, the Court will grant plaintiff's request for $11,636.63 for attorney fees and $402.00 for expenses.

**THEREFORE, IT IS ORDERED THAT:**

1.  Plaintiff's motion to proceed pseudonymously, Filing No. 4, is granted.

2.  Plaintiff's motion to extend time to file their responsive pleading, Filing No. 18, is granted.

3. Plaintiff's motion for attorney fees, Filing No. 14, is granted. Plaintiff is awarded $11,636.63 for attorney fees and $402.00 for expenses.

4. This case is dismissed pursuant to Filing No. 16.

5. A separate judgment will be filed in conjunction with this Memorandum and Order.

Dated this 21st day of May, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge